HSBC Bank USA, N.A. v Dubyna (2025 NY Slip Op 05374)

HSBC Bank USA, N.A. v Dubyna

2025 NY Slip Op 05374

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

657 CA 24-00360

[*1]HSBC BANK USA, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE FOR THE REGISTERED NOTEHOLDERS OF RENAISSANCE HOME EQUITY LOAN TRUST 2006-4, PLAINTIFF-RESPONDENT,
v
PETER D. DUBYNA, JR., ALSO KNOWN AS PETER DUBYNA, JR., DEFENDANT-APPELLANT, ET AL., DEFENDANTS. (APPEAL NO. 1.)  DR. RASHAD KHAN, THIRD-PARTY INTERVENOR. 

WOODRUFF LEE CARROLL P.C., SYRACUSE (WOODRUFF L. CARROLL OF COUNSEL), FOR DEFENDANT-APPELLANT.
HINSHAW & CULBERTSON LLP, NEW YORK CITY (JASON J. OLIVERI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 
SMITH DOMINELLI & GUETTI, LLC, ALBANY (JAY A. SMITH OF COUNSEL), FOR THIRD-PARTY INTERVENOR. 

 Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered January 17, 2024, in a mortgage foreclosure action. The order, inter alia, granted the application of plaintiff for a judgment of foreclosure and sale. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Peter D. Dubyna, Jr., also known as Peter Dubyna, Jr. (defendant) appeals from an order that, inter alia, granted plaintiff's motion for a judgment of foreclosure and sale (foreclosure motion); denied defendant's amended order to show cause seeking to, among other things, vacate a judgment of foreclosure; and ratified and validated the sale of defendant's property to plaintiff. We affirm.
Defendant contends that he did not receive proper notice of the foreclosure motion, that the foreclosure motion was a nullity, and that the ensuing judgment of foreclosure and sale was void as a result. We reject those contentions. Supreme Court agreed that defendant did not receive proper notice of the foreclosure motion and thus issued an order granting defendant the opportunity to respond to that motion on the merits. Inasmuch as "the court may permit a mistake, omission, defect or irregularity . . . to be corrected, upon such terms as may be just" (CPLR 2001), the court was well within its authority to correct any error caused as a result of the incorrect return date upon just terms and to permit defendant an opportunity to address the merits of the foreclosure motion. On the merits, we conclude that the court properly granted the foreclosure motion pursuant to RPAPL 1351. Defendant's contentions regarding the propriety of an order granting plaintiff's motion for, inter alia, summary judgment on the complaint and for the appointment of a referee, which was entered upon defendant's default, are not properly before us (see generally Matter of Patience T. [Christopher T.], 173 AD3d 1761, 1762 [4th Dept 2019]).
We have reviewed defendant's remaining contentions and conclude that none warrant [*2]modification or reversal of the order on appeal.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court